UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61334-BLOOM/Valle

RAYMOND WALLS,

    Plaintiff,

v.

G4S SECURE SOLUTIONS (USA) INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Raymond Walls' Motion to Remand ("Motion"), *see* ECF No. [11], seeking to remand the proceedings back to state court in Broward County, Florida. The Court has carefully reviewed the Motion, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

Plaintiff originally filed this action on April 23, 2019, in the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1-1]. In the original Complaint, Plaintiff alleged that he was unlawfully discriminated against by his employer, Defendant G4S Secure Solutions, (USA), Inc. ("Defendant"), in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112 et. seq. ("ADA"). *See Generally Id*. On May 29, 2019, Defendant removed the case to this Court, invoking federal question jurisdiction as the basis for removal. *See* ECF No. [1]. Defendant then moved to dismiss the instant action, arguing that Plaintiff could not prove a constructive discharge by the Defendant and that the Plaintiff failed to timely file a charge of discrimination with the Employment Opportunity Commission ("EEOC"). ECF No. [6], at 2-6.

Plaintiff has now amended the Complaint and is no longer seeking relief pursuant to the ADA. *See Generally* ECF No. [9] (the "Amended Complaint"). Instead, Plaintiff now asserts a single claim pursuant to the Florida Civil Rights Act of 1992, Florida Statutes § 760, *et seq.* ("FCRA"). ECF No. [9], at 4. In the Amended Complaint, Plaintiff also alleges that he has "exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the FCRA." *Id.* at ¶ 6. On June 18, 2019, Plaintiff filed the present Motion. *See* ECF No. [11].

## II.  LEGAL STANDARD

"It is axiomatic that federal courts are courts of limited jurisdiction." *Ramirez v. Humana, Inc.*, 119 F. Supp. 2d 1307, 1308 (M.D. Fla. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Removal to federal court is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See Id.* § 1332(a). The removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a), 1446. "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (*citing* 28 U.S.C. §§ 1331, 1332). "Removal is a matter of federal right," but on a motion to remand, "'ambiguities are generally construed against removal.'" *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979)[1]; *see Whitt*, 147 F.3d at 1329; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

## III.   DISCUSSION

In the present case, the Amended Complaint on its face shows no federal subject-matter jurisdiction, as it now solely includes a single state law claim. *See generally* ECF No. [9]. However, the Court must not view the Amended Complaint in isolation. Rather, the question of whether subject matter jurisdiction exists—even now that there exists no basis for original federal jurisdiction in the Amended Complaint—is measured at the time the Complaint was removed. *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (finding that the "the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

In the present Motion, the Plaintiff argues that removal is appropriate because the single federal claim has been removed, and solely a state law claim remains. ECF No. [11], at 1-2. In its Response in Opposition ("Response"), Defendant argues that the Motion should be denied because the amendment of the original Complaint is an attempt by the Plaintiff to evade this Court's jurisdiction. Thus, the Court should exercise its discretion and deny Plaintiff's Motion.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as precedent all decisions issued by the former Fifth Circuit Court of Appeals prior to October 1, 1981.

ECF No. [16], at 2.  Alternatively, the Defendant argues that remand would be premature as the Court should first decide the merits of its Motion to Dismiss, ECF No. [15].  *Id.* at 4.

The Court agrees that removal was proper at the time the Defendant filed its Notice of Removal.  However, when all federal-law claims in an action are eliminated at an early stage of the litigation, a district court has a "powerful reason to choose not to continue to exercise jurisdiction."  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). The district court must then consider "the principles of economy, convenience, fairness, and comity," which guide its discretion to continue to exercise jurisdiction over purely state-law claims or, in the alternative, dismiss or remand those claims. *See Id.* at 357; *see also Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001). If a plaintiff whose suit has been removed to federal court simply deletes all federal-law claims from the complaint in order to regain a state forum, the court "should take this behavior into account" when balancing the factors. *See Carnegie-Mellon Univ.*, 484 U.S. at 357.

In the present case, the Court finds that the concerns of comity weigh in favor of remand. While the Court notes that the Amended Complaint is substantially the same as the original Complaint filed by the Plaintiff in state court, the Amended Complaint nonetheless consists solely of a single Florida state law claim. Therefore, this action is optimally decided by the state court. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (state law claims are best resolved by state courts); *Pinkert v. Schwade*, No. 11-23324-CIV, 2012 WL 3962386, at *2 (S.D. Fla. Sept. 10, 2012) (state statutory causes of action are more appropriate for state court to resolve).  Additionally, considerations of judicial economy militate strongly in favor of remand because this case is in its infancy.

The Court also declines Defendant's invitation to deem the amendment of the Complaint as a manipulative tactic solely imposed to escape the jurisdiction of this Court. In its Amended Motion to Dismiss, ECF No. [6], Defendant argued dismissal was appropriate because the Plaintiff failed to timely exhaust his administrative remedies in bringing his ADA claim. ECF No. [6], at 4. Plaintiff then amended the Complaint, asserting that he "dual-filed filed his Charge of Discrimination" with the EEOC and the Florida Commission on Human Relations ("FCHR"). ECF No. [9], at 2. In the Amended Complaint, Plaintiff alleges that his claim pursuant to the FCHR is timely brought. *Id.* at n.2. Thus, the motive for Plaintiff's amendment seems not to have been to escape this Court's jurisdiction, but rather to assert a claim that he may still timely bring against the Defendant.

In sum, exercising the wide discretion afforded to it, the Court declines to retain supplemental jurisdiction over the single remaining state-law claim. The Court also disagrees that the Court should determine the merits of the Defendant's Motion to Dismiss prior to determining whether this case should be remanded. State statutory causes of action are more appropriate for the state court to resolve. *Pinkert*, 2012 WL 3962386, at *2.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Remand, **ECF No. [11]**, is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

Case No. 19-cv-61334-BLOOM/Valle

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida, on July 10, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record